IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                No. 1:09-cr-10039-JDB-2

DEMARIO REAVES,

    Defendant.

## ORDER DIRECTING CLERK TO OPEN CASE AND FILE DOCUMENT

The Defendant, Demario Reaves, has filed a letter alleging that the Federal Bureau of Prisons (the "BOP") has "wrongful[ly] interpret[ed]" the sentencing order in this case. (Docket Entry ("D.E.") 250 at PageID 516.) He insists that he is entitled to a calculation of his sentence that would award him 495 days of credit toward his federal sentence for the time he served while in state custody, and alleges that he has exhausted this claim through the BOP's administrative process. (*Id.*) As he correctly notes, (*id.* at PageID 517), his request is in the nature of a petition pursuant to 28 U.S.C. § 2241. *See Pierce v. United States*, No. 3:12-0121, 2012 WL 1900921, at *2 n.2 (M.D. Tenn. May 24, 2012) ("[A] prisoner's challenge to the execution of his sentence, including the determination of credit[s] . . . must be filed under 28 U.S.C. § 2241.") (citing *Sutton v. United States,* 172 F.3d 873 (6th Cir. 1998)); *McCoy v. Stephens*, No. 2:12-CV-02975-STA, 2014 WL 4809946, at *2 (W.D. Tenn. Sept. 26, 2014) (§ 2241 is proper vehicle for challenging BOP's decision not to apply credits for prior state custody).

The Clerk of Court is therefore DIRECTED to open a new civil case in which the document at D.E. 250 in the present case is filed as a case-initiating § 2241 petition.

IT IS SO ORDERED this 17th day of April, 2019.

                                                      s/ J. DANIEL BREEN
                                                      UNITED STATES DISTRICT JUDGE